UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LEXIFORD PROPERTIES, LLC, *et al.*,

      Plaintiffs,

v.                               Case No. 22-12208

DAVID MOSES, *et al.*,            Sean F. Cox
                                        United States District Court Judge

      Defendants.

_____/

## OPINION & ORDER
## GRANTING DEFENDANT'S MOTION TO DISMISS
## FOR LACK OF SUBJECT MATTER JURISDICTION

During the course of a contentious state-court divorce proceeding, a woman named Rebecca Moses purported to sell three real properties, all located in Michigan, to her friend David Wolkinson ("Wolkinson"). Wolkinson created three limited liability companies to purchase those properties. After the purported sales were discovered, the state court appointed a receiver over the three properties. Wolkinson, and all three of the limited liability companies he created to purchase the properties, have been joined in the state-court divorce case, where the state-court judge is determining the respective rights of the parties in the three properties at issue.

Wolkinson's three limited liability companies filed this federal action on September 20, 2022, based upon diversity jurisdiction, asserting claims against the state-court receiver and David Moses, the husband of Rebecca Moses. Plaintiffs' September 20, 2022 complaint names the receiver appointed in the state-court divorce case as a Defendant, notes that the receiver

1

claims an interest in the three properties that is superior to that of Plaintiffs, and asks this Court to enter an order declaring that the receiver has no interest in the properties. It also asks this Court for an order declaring that Plaintiffs own the three properties free and clear from any and all claims asserted against them by David Moses.

The matter is currently before the Court on a Motion to Dismiss filed by Defendant David Moses, asserting that this Court lacks subject matter jurisdiction over this action. The parties have briefed the issues and the Court concludes that a hearing is not necessary. *See* Rule 7.1(f) of the Local Rules for the United States District Court for the Eastern District of Michigan. As explained below, the Court grants the motion because this Court concludes that it lacks diversity jurisdiction over this action because the sole member of the Plaintiff limited liability companies (Wolkinson) was a Michigan citizen on the date this action was filed. In addition, even if this Court had diversity jurisdiction over this case, the Court concludes that the state court had prior exclusive jurisdiction over the three properties at issue.

## BACKGROUND

**A.    Procedural History Of This Federal Case**

On September 20, 2022, Plaintiffs Lexiford Properties, LLC, Waterton Properties, LLC, and Tzekek Company, LLC filed this federal lawsuit against Defendants David Moses and Henry Nirenberg, based upon diversity jurisdiction. It identified Wolkinson as the "managing member" of the three Plaintiff LLCs and alleges that Wolkinson "is a Florida resident" who "currently resides in Miami-Dade County, Florida." (Compl. at ¶ 5). Plaintiffs' original Complaint contained the following counts: 1) "Slander Of Title" (Count I); 2) "Quiet Title" (Count II); 3) "Declaratory Judgment Defendant Moses" (Count III); and 4) "Trespassing

Against Moses" (Count IV).

On November 22, 2022, Defendant Nirenberg filed a Motion to Dismiss (ECF No. 10), asserting that: 1) this action involves an ongoing divorce action in state court wherein Nirenberg was appointed as a receiver by that Court in August of 2022; and 2) the state court's receivership order expressly enjoins the filing of other suits and efforts to interfere with the receivership assets, which expressly include the real properties at issue in this case.

This Court issued its standard order when a motion to dismiss is filed, advising Plaintiffs that they have the choice of either responding to the motion or filing an amended complaint in order to attempt to cure any pleading deficiencies.

Plaintiff filed a First Amended Complaint on December 19, 2022.  (ECF No. 14).  It includes the same three Plaintiffs and the same two Defendants.  It alleges that Wolkinson is the sole member of the three Plaintiffs and alleges that Wolkinson "is a citizen of the State of Florida and resides in Miami-Dad County, Florida."  (First Am. Compl. at ¶ 6).

Plaintiffs' First Amended Complaint includes the following counts:  1) "Ultra Virus [sic] Acts Of The Receiver" (Count I), asserting that certain actions of Nirenberg as Receiver in the divorce action "constitute ultra vires acts undertaken in excess an outside the powers of the Receiver." (*Id*. at 8-9); 2) "Slander Of Title" (Count II); 3) "Quiet Title" (Count III); 4) "Declaratory Judgment Defendant Moses" (Count IV); and 5) "Trespassing Against Moses" (Count V).

On January 17, 2023, Plaintiff filed a "Notice Of Voluntary Dismissal As To Defendant Henry M. Nirenberg Only," (ECF No. 19), dismissing him as a defendant in this case without prejudice.

On February 3, 2023, Defendant David Moses filed a Motion to Dismiss.  (ECF No. 20. A few days later, on February 6, 2023, he filed an Amended Motion to Dismiss (ECF No. 21) that replaces and supercedes the prior motion.

**B.      Standard Of Decision**

The pending Motion to Dismiss is brought pursuant to Fed. R. Civ. P. 12(b)(1).  Fed. R. Civ. P. 12(b)(1) provides for the dismissal of an action for lack of subject matter jurisdiction.

"A Rule 12(b)(1) motion for lack of subject matter jurisdiction can challenge the sufficiency of the pleading itself (facial attack) or the factual existence of subject matter jurisdiction (factual attack)."  *Cartwright v. Garner*, 751 F.3d 752, 759 (6th Cir.  2014)

Here, Defendant David Moses makes a factual attack to subject matter jurisdiction. Such a "factual attack challenges the factual existence of subject matter jurisdiction."  *Id.*  In evaluating such a factual attack, this Court "has broad discretion with respect to what evidence to consider in deciding whether subject matter jurisdiction exists, including evidence outside of the pleadings, and has the power to weigh the evidence and determine the effect of that evidence on the court's authority to hear the case."  *Id.*

As the parties invoking this Court's jurisdiction, Plaintiffs bear the burden of establishing that subject matter jurisdiction exists.  *Id.*

**C.      Relevant Evidence**

The Plaintiffs in this action are three limited liability companies: 1) Lexiford Properties, LLC ("Lexiford"); 2) Waterton Properties, LLC ("Waterton"); and 3) Tzekek Company, LLC ("Tzekek").  Wolkinson is the sole member of Lexiford, Waterton, and Tzekek.

Wolkinson grew up in Southfield Michigan.  He earned his undergraduate degree in

Michigan and graduated from the University of Michigan Law School in 2005.  (Wolkinson Affidavit at 1).  He is a licensed attorney in Michigan and an active member of the Michigan State Bar.

After practicing law in New York for three years, Wolkinson moved back to Michigan and began investing in real estate.

Wolkinson has known Defendant David Moses and his wife, Rebecca Moses, since college.  (Wolkinson Affidavit at 2).  Rebecca and David Moses are also real estate investors and own several properties throughout Southeast Michigan.

The marriage of David and Rebecca Moses broke down and on October 12, 2020, a divorce case was commenced in Oakland County Circuit Court – Case Number 2020-503106-DM (*Moses v. Moses*).  By all accounts, it has been a very contentious divorce case, and it is still ongoing now, nearly two and a half years later.  The state-court divorce action is assigned to the Honorable Kameshia D. Grant.

Two days after the divorce case commenced, on October 14, 2020, Judge Grant issued a "Consent Order for Financial Status Quo and Mutual Injunction."  (ECF No. 21-4).  That order required David and Rebecca to maintain the status quo with respect to payment of household and family expenses.  Notably, it also ordered that, during the pendency of the divorce case, the parties (and their agents) are restrained and enjoined from taking a number of actions – such as selling or assigning personal and business assets, including real estate – without prior consent of the court.

On June 9, 2021, the parties stipulated to binding arbitration before attorney Kurt E. Schnelz.  (*See* ECF No. 21-2).

In the spring of 2022, Wolkinson asserts that Rebecca Moses approached him about purchasing three properties from her: 1) 7382 Yale, Lexington, Michigan 48450; 2) 3994 Arcadia Park Drive, Waterford, Michigan 48328; and 3) 10095 LaSalle Blvd., Huntington Woods, Michigan 48070.  (Wolkinson Affidavit at 2).  Rebecca told Wolkinson that she was going through a divorce.

In early May of 2022, Rebecca Moses entered into purchase agreements with the Plaintiff limited liability companies to purchase the Lexington, Huntington Woods, and Waterford, Michigan properties – all for cash.  (*See* ECF No. 21-7).  At this time, the Plaintiff limited liability companies had not yet been created.

On May 24, 2022 and May 25, 2022, Wolkinson then created the three different limited liability companies that are the Plaintiffs in this federal case (Lexiford, Waterton, and Tzedek).  (ECF No. 21-5).  In order to "protect [his] anonymity," Wolkinson "got three different people to be the 'organizer' of each of the three llc's."  (ECF No. 21-6)

On May 31, 2022, Rebecca Moses entered into an amended purchase agreement with Tzedek "on behalf of a(n) entity(ies) to be named later" as to the purchases of all three properties.  (*See* ECF No. 21-9).  Again, it was a cash sale and there are unusual provisions in the purchase agreement.

At the time of the purchase agreement, David Moses was still living in the Huntington Woods property and Wolkinson was aware of that.  (Wolkinson Affidavit at 3).  David Moses presumably learned of the alleged sale of that property to Tzedek when he received a "Notice to Quit" from Tzedek on June 1, 2022, seeking to evict him from the property.  (ECF No. 21-25).

Thereafter, Defendant David Moses filed, in connection with the divorce case, an

Emergency Motion To Freeze Sale Proceeds, Produce Sale Documents, Appoint Attorney to

Rescind Fraudulent Sale of Real Estate, to Hold Plaintiff in Contempt.  The Arbitrator issued a

"Supplemental Arbitration Award," finding that Rebecca Moss violated the Court's Status Quo

Order when she sold the three properties.  (ECF No. 21-11).

A flurry of further motions, and other related litigation, ensued.

On or about August 8, 2022, Tzedek filed suit against Rebecca Moses in Oakland County

Circuit Court.  (ECF No. 21-14).  In that case, Tzedek asserted breach of contract, breach of

indemnification agreement, and fraud claims and also sought an award of specific performance

and a declaration that its purchase of the three properties is not voidable "as claimed by the

Defendant's husband and others in their divorce proceeding."  (*Id.* at PageID.1291).

On August 10, 2022, Judge Grant issued an "Order Appointing Receiver" in the divorce

action.  (ECF No. 21-3).  She appointed Henry M. Nirenberg of Seyburn Kahn as the Receiver of

all of the following:

> (a)     the real properties situated at 10095 LaSalle Blvd, Huntington Woods,
>         Michigan 48070, 7382 Yale, Lexington, Michigan 48450, and 3994
>         Arcadia Park Drive, Waterford, Michigan 48328 (collectively, the
>         "Properties");
> (b)     all proceeds relating to such Properties; and
> (c)     all legal and equitable claims and causes of action, and rights to interim
>         equitable and injunctive relief, including stays of eviction proceedings,
>         arising from the sale or disposition of such Properties in violation of the
>         Consent Order for Financial Status Quo and Mutual Injunction entered on
>         October 14, 2020 (the "Injunction Order"), including without limitation,
>         all rights and claims to enforce the Injunction Order and the Supplemental
>         Arbitration Awards.

(ECF No. 21-3 at PageID.1215).

The Receiver filed a motion, asking Judge Grant to join Wolkinson and the three limited

liability companies as parties in the divorce action.  Judge Grant was scheduled to a hearing on

7

that motion on August 31, 2022. But a few days before that hearing was held, on August 29, 2022, Rebecca Moses filed a bankruptcy petition, that stayed the divorce case under 11 U.S.C. § 362. The bankruptcy court later issued an "Order Modifying Automatic Stay" so that the divorce case could continue. (ECF No. 21-17).

Judge Grant ultimately issued an order joining Wolkinson, Tzedek, Lexiford, and Waterton in the divorce case and the Receiver was granted leave to file a complaint against them. (ECF No. 21-19).

On September 20, 2022, Plaintiffs filed this federal case, naming both the Receiver and David Moses as Defendants.

The Receiver filed a motion before Judge Grant, asking her to enforce the injunction provisions of the Receiver Order, that preclude legal actions being commenced against the Receiver. (ECF No. 21-20). Judge Grant granted that request (ECF No. 21-21) and Plaintiffs subsequently dismissed the Receiver as a Defendant in this federal case.

Wolkinson and his three limited liability companies have filed an Application for Leave to Appeal Judge Grant's order joining them in the divorce case. (ECF No. 21-22). To date, it has not been granted.

Thus, Wolkinson, Tzedek, Lexiford, and Waterton have been joined in the state-court divorce case, where the state-court judge will determine the respective rights of the parties in the three properties at issue.

## ANALYSIS

Defendant David Moses asserts that this Court should dismiss this case, for lack of subject matter jurisdiction, and raises several challenges in that regard. This Court need not

address them all.

I.     **This Court Lacks Diversity Jurisdiction Over This Action.**

Among other things, Defendant David Moses asserts that this Court lacks subject matter jurisdiction over this action because diversity of citizenship is lacking.

Moreover, "it is beyond question that federal courts have a continuing obligation to inquire into the basis of subject-matter jurisdiction to satisfy themselves that jurisdiction to entertain an action exists. *Campanella v. Commerce Exch. Bank*, 137 F.3d 885, 890 (6th Cir. 1998). That "duty applies irrespective of the parties' failure to raise a jurisdictional challenge on their own, and if jurisdiction is lacking, dismissal is mandatory." *Id.*

Title 28 U.S.C. § 1332 authorizes this district court to exercise diversity jurisdiction only when there is complete diversity of citizenship. "[D]iversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004).

It is well-established that diversity of citizenship, for purposes of 28 U.S.C. § 1332, is determined at the time the complaint is filed. *Kaiser v. Loomis*, 391 F.2d 1007, 1009 (6th Cir. 1968). This action was filed on September 22, 2022.

Plaintiffs, as the parties seeking to bring this case into federal court, have the burden of establishing that diversity of citizenship existed at the time this case was filed. *Akno 1010 Mkt. St. St. Louis, Missouri, LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022).

It is undisputed that Defendant David Moses is a citizen of Michigan. Thus, complete diversity does not exist if any of the three Plaintiffs were Michigan citizens on September 22, 2022.

All three Plaintiffs are limited liability companies.  For purposes of diversity jurisdiction, a "limited liability company is not treated as a corporation."  *Homfeld II, LLC v. Comtair Holdings, Inc*., 53 F. App'x 731 (6th Cir. 2002); *see also Delay v. Rosenthal Collins Group, LLC*, 585 F.3d 1003 (6th Cir. 2009).  Rather, LLCs have the citizenships of their members and sub-members."  *Id.*  "Thus, when an LLC is a party in a diversity action, the court must know the citizenship of each member and sub-member."  *Id.*

Here, Wolkinson states that he is the sole member of all three of the Plaintiff limited liability companies.  As such, all three Plaintiffs have the same citizenship as Wolkinson.

Defendant asserts that this Court lacks subject matter jurisdiction over this action because Wolkinson was actually a citizen of Michigan – and not Florida – on the date this action was filed and, as a result, complete diversity of citizenship does not exist.

In support of Plaintiffs' position that diversity jurisdiction does exist, Plaintiffs submitted an Affidavit from Wolkinson that states:  "I am a member of each of the Plaintiffs and am a *Florida resident*.  I have been a *Florida resident* since 2020."  (ECF No. 22-1 at PageID.1934) (emphasis added).  "But 'it has long been settled that residence and citizenship [are] wholly different things.'" *Prime Rate Premium Fin. Corp., Inc. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019).

As explained in *Prime Rate*, "citizenship" turns on "'domicile.' *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). 'Domicile,' a legal term of art, requires that a person both be present in a state and have 'the intention to make his home there indefinitely or the absence of an intention to make his home elsewhere.' *Stifel v. Hopkins*, 477 F.2d 1116, 1120 (6th Cir.

10

1973)." *Id*. at 765.

"A person's previous domicile is not lost until a new one is acquired." *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). "Establishment of a new domicile is determined by two factors: residence in the new domicile, and the intention to remain there." *Id.*

In determining an individual's domicile, district courts often consider a number of factors, including the party's current residence, the situs of personal and real property, the individual's place of employment or business, and his or her driver's license and voter registration. *Lim v. Chisato Norigi & Terumo Americas Holdings, Inc.,* 2011 WL 1626551 at *5 (E.D. Mich. 2011).

Wolkinson has an apartment in Aventura, Florida and has a Florida driver's license. (ECF No. 5). The evidence before the Court as to all of the other factors to be considered, however, reflects that Wolkinson was a Michigan citizen at the time this action was filed.

Wolkinson grew up in Michigan. He earned his undergraduate degree in Michigan and graduated from the University of Michigan Law School in 2005. (Wolkinson Affidavit at 1). He is a licensed attorney in Michigan and is an active member of the Michigan State Bar. (ECF No. 23-5).

Wolkinson is currently forty-two years old and does not claim to be retired or employed in Florida. (ECF No. 5). Rather, Wolkinson owns and manages real estate investment properties through several Michigan limited liability companies, including Bentzion Properties, LLC, and the three Plaintiff limited liability companies in this case. It is undisputed that Wolkinson owns investment properties located across the state of Michigan, including Birmingham, Eaton Rapids, Flint, and Hazel Park. (Wolkinson Affidavit at 2). While Wolkinson states that he owns some

11

properties that are located outside of Michigan, he does not identify any of them as being located in Florida. (*Id.*).

Wolkinson owns a home in Birmingham, Michigan, that he purchased in 2013. (ECF No. 23-7). That address is identified by the United States Postal Service as Wolkinson's current address and no forwarding address has been filed. (ECF No. 23-8).

And perhaps most significantly, Wolkinson has claimed his Birmingham, Michigan property as his *principal residence* when he filed for a principal residence exemption under Michigan statutes, and he did not rescind it before this case was filed.

Michigan law allows an individual to designate his or her home as a principal residence which then exempts that individual from having to pay certain taxes. The applicable law is summarized in *Wilson v. City of Grand Rapids*, __N.W.2d __ (Feb. 9, 2023):

> Under the General Property Tax Act (GPTA), MCL 211.1a *et seq*., "all property, real and personal, within the jurisdiction of this state, not expressly exempted, shall be subject to taxation." MCL 211.1. The GPTA includes the PRE, also known as the "homestead exemption," which is governed by MCL 211.7cc and MCL 211.7dd. *See EldenBrady*, 294 Mich App at 256, 816 N.W.2d 449. Specifically, "[a] principal residence is exempt from the tax levied by a local school district for school operating purposes ... if an owner of that principal residence claims an exemption as provided in this section." MCL 211.7cc(1).

*Id*. at *2. "'Principal residence' is defined in MCL 211.7dd(c), which states in pertinent part that "Principal residence" "means the 1 place where an owner of the property has his or her true, fixed, and permanent home to which, whenever absent, he or she intends to return and that shall continue as a principal residence until another principal residence is established." *Id*. As noted in *Lim*, "[t]his is the very definition of 'domicile' by which this Court is to measure" Wolkinson's intent. *Lim, supra*, at *6.

Defendant has presented evidence to establish that Wolkinson requested and obtained a

principal residence exemption ("PRE") for his Birmingham, Michigan home on July 23, 2020, claiming that residence as his principal residence under the statute.  (ECF No.23-10).  The records further indicate that, despite Wolkinson claiming to have moved to Florida in 2020, his PRE exemption was still in force during the 2022 tax year.  (*Id.*).  "Rarely is there such a clearly expressed intention" to make a residence one's domicile as Wolkinson's actions in requesting and maintaining a PRE on his Birmingham, Michigan residence.

The Court finds that Wolkinson was a Michigan citizen on the date this action was filed. Accordingly, the Court finds that Plaintiffs have not met their burden of establishing that diversity of citizenship existed at the time this case was filed.  This Court must therefore dismiss this case for lack of subject matter jurisdiction.

## II.   In Addition, Even If Diversity Jurisdiction Existed, The State Court Had Prior Exclusive Jurisdiction Over The Properties At Issue.

Even if diversity jurisdiction existed, Defendant David Moses persuasively argues that this Court would lack subject matter jurisdiction over this action because the state court had prior exclusive jurisdiction over the three properties at issue here.

"If two suits are in rem or quasi in rem, so that the court must have possession or some control over the property in order to grant the relief sought, the jurisdiction of one court must yield to that of the other."  *Cartwright v. Garner*, 751 F.3d 752, 761 (6th Cir. 2014) (citing *Jacobs v. DeShetler*, 465 F.2d 840, 842-32 (6th Cir. 1972).  This rule is interchangeably referred to as the "*Princess Lida* doctrine" or the "prior exclusive jurisdiction doctrine. *Id*. (citing *Princess Lida*, 305 U.S. 456, 466 (1939); *Chevalier v. Estate of Barnhart,* 803 F.3d 789, 803 (6th Cir. 2015).  "This rule applies where the court first asserting jurisdiction needs some control over the property to resolve the case, such as in cases involving trust administration."

13

*Cartwright,* 751 F.3d at 761.  "The rule provides 'that the court first assuming jurisdiction over property may maintain and exercise that jurisdiction to the exclusion of the other." *Chevalier*, 803 F.3d at 803.  This court is to "assess whether the doctrine of prior exclusive jurisdiction applies *at the time of filing*, and not at any time thereafter." *Id*.  (emphasis added).  The doctrine is necessary to the harmonious cooperation of federal and state tribunals.  *Cartwright,* 751 F.3d at 761.

"The first question in determining whether" the *Princess Lida* / prior exclusive jurisdiction doctrine "applies in this case to deprive the federal court of jurisdiction" is whether this district court case and the Michigan state-court "actions are quasi in rem." *Id.*  As explained by the Sixth Circuit, an "*in rem* action is '[a]n action determining the title to property and the rights of the parties, not merely among themselves, but also against all persons at any time claiming an interest in that property.'" *Chevalier,* 803 F.3d at 802 (citations omitted).  In other words, in rem actions are "fights over property or a person in the court's control." *Id.*

Here, the allegations and claims in Plaintiffs' September 20, 2022 Complaint belie the notion that this action is anything but an in rem or quasi in rem action over the three real properties that are at issue in the state-court divorce case.  For starters, Plaintiff named the Receiver appointed by the judge presiding over the state-court divorce case as a Defendant in this case, notes that the Receiver claims an interest in the three properties that is superior to that of Plaintiffs, and asks this Court to "enter an order declaring that Defendant Nirenberg, acting as the receiver under the Receiver Order, has no interest in the Properties."  (ECF No. 1 at PageID.8).  Plaintiffs' Complaint also asks this Court for an "order declaring they own the Properties free and clear from any and all claims asserted against them by Defendant Moses."

14

(*Id.* at PageID.9).  This federal action is an action in rem or quasi in rem.

Second, there can be no dispute that the state court first exercised jurisdiction over the three properties at issue, pursuant to state law.

Accordingly, even if diversity jurisdiction existed over this action, this Court would lack subject matter jurisdiction over this action[1] under the *Princess Lida* / prior exclusive jurisdiction doctrine.

## CONCLUSION & ORDER

For the reasons above, IT IS ORDERED that Defendant's Motion to Dismiss for Lack of Subject Matter is GRANTED and this action is DISMISSED.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  April 19, 2023

---

[1]Even if diversity jurisdiction existed, to the extent that Plaintiffs' trespass claim (that seeks monetary damages) is not barred by the *Princess Lida* doctrine, this Court would decline jurisdiction over that claim, under the *Younger* abstention doctrine, until the state-court proceedings have concluded.  *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995).